Charles R. LIVECCHI, Appellant,

v.

CITY OF GRAND PRAIRIE, Appellee.

No. 05–02–01927–CV.

Court of Appeals of Texas,
Dallas.

July 17, 2003.

M. Kevin Queenan, Britta Jean Gordon, Queenan Law Firm, P.C., DeSoto, for Appellant.

James T. Jeffrey, Jr., Law Offices of Jim Jeffrey, Arlington, for Appellee.

Before Justices WRIGHT, FARRIS,[1] and BARBARA ROSENBERG.[2]

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## OPINION

Opinion By Justice BARBARA ROSENBERG (Assigned).

In a single issue, Charles Livecchi contends that the trial court erred in granting the City of Grand Prairie (the City)'s plea to the jurisdiction and dismissing his suit with prejudice. Rejecting his argument and resolving his issue against him, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Livecchi owns an apartment building in Grand Prairie. In 1995, Livecchi filed a lawsuit in federal court against the City and five other defendants arising from code enforcement actions by the City. The lawsuit with the City was resolved when the City and Livecchi entered into a Compromise Settlement Agreement and dismissed the action. The settlement agreement provided for a cash payment and conditions for future dealings between the City and Livecchi, which included the following:

¶ II. b. [The City's] Code of Ordinances ... shall not be applied to vacant units ... which are shut off and used for permanent storage ... except insofar as an inspection may be necessary for fire hazards. [Livecchi] shall provide [the City] ... a list of Vacant Units which are shut off and used as permanent storage....

¶ II. c. [The City] shall not write any violations or citations as to any unit or portion of the Apartments unless such is provided as a violation pursuant to the Code, or other applicable state or federal rules or regulations.

¶ II. d. [The City] shall particularize any violation of the Code with sufficient detail as to what any violation is. [Livecchi] shall then ... have the right to request, in writing, ... the particular Code provision which has been violated tied to the particular violation. [The City] shall then provide such particular Code violation to [Livecchi] in writing.

¶ II. e. [Livecchi] shall have a reasonable time, as determined by the Code Enforcement Division, to accomplish any repairs necessary to comply with violations of the Code....

¶ II. f. [The City] shall give [Livecchi] 30 days written notice of any upcoming annual inspection....

¶ II. g. Any Code enforcement officer wishing to enter onto the Apartments shall check in and identify himself with office personnel before inspecting any units at the Apartments or other structure or buildings on the premises.

In 2001, Livecchi filed suit against the City for breach of the compromise settlement agreement, conspiracy, fraud, and malice. The City filed a plea to the jurisdiction claiming sovereign immunity. The trial court granted the City's plea to the jurisdiction and dismissed the lawsuit. Livecchi appeals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2003).

## PLEA TO THE JURISDICTION

In a single issue, Livecchi argues that the trial court had jurisdiction over his claims against the City. While Livecchi's petition asserted causes of action for breach of contract, conspiracy, fraud, and malice, he argues and briefs only that the trial court had jurisdiction over the breach of contract claim. Because his only assertion on appeal concerns the contractual cause of action, he has waived any complaint to the plea to the jurisdiction as it applies to the noncontractual complaints. *See* TEX.R.APP. P. 38.1(h); *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 839–40 (Tex.App.-Dallas 2000, no

pet.). In response to the contractual issues, the City argues it had not waived sovereign immunity by entering the contract, the alleged breaches were not within the application of the settlement agreement, and the City had no authority to make an agreement that limited its governmental functions.

■ A plea to the jurisdiction challenges a trial court's authority to decide the subject matter of a lawsuit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Suing the State requires the plaintiff to prove the State's consent to the suit. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). Without the State's consent to suit, sovereign immunity defeats a court's subject matter jurisdiction. *Id.* Sovereign immunity extends to municipalities when they are carrying out governmental functions. *City of Galveston v. Posnainsky,* 62 Tex. 118, 127 (1884).

The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). In a suit against a governmental unit for breach of contract, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Tex. Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors, Inc.,* 92 S.W.3d 477, 484 (Tex. 2002). A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed *de novo. Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Ind. Sch. Dist.,* 34 S.W.3d at 555. "The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Id.*

Livecchi did not plead in his petition a particular statute or legislation that waived the City's sovereign immunity. Instead, he contended that the trial court automatically had subject matter jurisdiction because the agreement settled his claims against the City in a previous lawsuit. The City responds that it did not waive sovereign immunity and that the allegations do not support a breach of the settlement agreement.

■ A governmental entity, by entering into a contract, waives immunity from liability for breach of the contract but does not, by entering into a contract, waive immunity from suit. *Tex. A & M Univ.– Kingsville v. Lawson,* 87 S.W.3d 518, 520 (Tex.2002); *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex.2001). Further, immunity from suit is not waived merely by accepting some of the benefits of a contract. *Lawson,* 87 S.W.3d at 520–21; *Little–Tex Insulation Co.,* 39 S.W.3d at 591. Nevertheless, in a plurality opinion, the supreme court has concluded that if a governmental entity agrees to settle a lawsuit from which it is not immune, it cannot claim immunity from suit for breach of the settlement agreement. *Lawson,* 87 S.W.3d at 518. Thus, to avoid a plea to the jurisdiction for a breach of contract suit, the plaintiff must allege facts that present breaches of the settlement agreement and must show the settlement is for a suit in which the governmental entity waived sovereign immunity.

We first consider whether Livecchi alleged a breach of the settlement agreement. In his petition, Livecchi alleged three breaches of the settlement agreement. The first alleged breach was that Livecchi was issued a citation under Chapter 29 of the Grand Prairie Code Enforce-

ment for inadequate exterior lighting in violation of paragraphs II. b, e, f, and g of the settlement agreement. The evidence presented showed that Livecchi claimed he had to have notice and a chance to correct before citation could be issued. Nothing in the settlement agreement limits the City's ability to issue citations for this alleged violation of Chapter 29. In fact, the agreement provides that the City may write citations for code violations. Accordingly, this allegation cannot be a breach of the settlement agreement.

As to the second alleged breach, Livecchi claimed he was issued a citation for a nonfunctioning air conditioner when he advised the City he needed more time to fix it, in violation of paragraphs II. c, e, and g. Livecchi's deposition testimony presented at the hearing complained that he was not given a reasonable time to repair the air conditioner before citation was issued. The agreement provides that the Code Enforcement Division has the authority to decide the reasonable time to make a repair. The agreement provides that the City has authority to write citations. This allegation does not present a breach of the settlement agreement.

As to the third alleged breach, Livecchi claimed that two men from the City Marshal's Office appeared unannounced at the apartment building and did not identify themselves when asking the whereabouts of an individual, in violation of paragraph II. f of the agreement. However, that paragraph applies only to notice to be given for annual inspections. Any identification requirements applied only to a code enforcement officer. Livecchi did not allege that the City Marshal's Office had any relation to code enforcement or annual inspections. The evidence presented at the

hearing demonstrated that the City marshals were on the premises to get information about a witness in a municipal court proceeding. The facts alleged and the evidence presented conclusively show that this allegation did not concern a breach of the settlement agreement.

██ When a plaintiff fails to plead facts that establish jurisdiction, but the petition and evidence presented do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* Here, the allegations and evidence demonstrate that the acts complained of are not encompassed in the settlement agreement, and they cannot be. Because Livecchi's petition and factual allegations affirmatively negate the existence of a breach of contract that could confer jurisdiction, even if the circumstances of the settlement agreement waived sovereign immunity, granting a plea to the jurisdiction was proper.[3]

Accordingly, we affirm the trial court's order granting the City's plea to the jurisdiction and affirm the dismissal for want of jurisdiction.

---

3. Because Livecchi could not allege a breach of contract for the issuance of citations or the presence of marshals on his property, we do not consider whether the settlement agreement was for a suit from which the City was not immune.