DALLAS FIRE FIGHTERS ASSOCI-
ATION, Ken Clower, Brett Stid-
ham, et al., Petitioners,

v.

CITY OF DALLAS, Respondent.

No. 04–0821.

Supreme Court of Texas.

June 1, 2007.

Rehearing Denied June 1, 2007.

James William Jennings, Barbara L. Emerson, Bellinger & DeWolf, L.L.P., Dallas, TX, for Petitioners.

Karen Jyllane Tracy, Asst. City Atty., Barbara E. Rosenberg, Asst. City Atty., Madeleine B. Johnson, Fish & Richardson, P.C., Janice S. Moss, City of Dallas, City Attorney's Office, Dallas, TX, for Respondent.

Philip Durst, Deats Durst Owen & Levy, P.L.L.C., Austin, for Other.

PER CURIAM.

The Dallas Fire Fighters Association and thirty-five individual firefighters, on behalf of themselves and a class of others similarly situated, sued the City of Dallas for breach of contract and for violation of the City's charter and civil service board rules in the City's use of an "oral assessment test" performed by an outside contractor in making promotion decisions. Plaintiffs sought declaratory relief, injunctive relief, damages, and attorney's fees. On the City's plea to jurisdiction, based in part on governmental immunity, the trial court dismissed the action, and the court of appeals affirmed. 2004 WL 1662945 (Tex. App.-Dallas 2004) (mem.op.). Plaintiffs contended in part that immunity was waived by language in the City's charter, providing that the City may "sue and be sued [and] implead and be impleaded in all courts," DALLAS, TEX., CITY CHARTER Ch. II, § 1, and by parallel language in section 51.075 of the Texas Local Government Code.

As we explained in *Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex.2006), which issued after plaintiffs filed their petition for review, this language by itself is not a clear and unambiguous waiver of immunity, but, while these cases were pending on appeal, the Legislature enacted sections 271.151–.160 of the Texas Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] … only if sovereign immunity has not been waived with respect to the claim" before that date.

Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. The parties should have the opportunity to address these provisions, and any other arguments they may still have, in the trial court. *See City of Sweetwater v. Waddell,* 218 S.W.3d 80, 81 (Tex.2007) (per curiam); *City of Houston v. Jones,* 197 S.W.3d 391, 392 (Tex.2006) (per curiam).

Accordingly, we grant plaintiffs' petition for review, and without hearing oral argument, TEX.R.APP. P. 59. 1, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.