**CITY OF DALLAS, Petitioner,**

v.

**Dwight DEQUIRE, Michael Felini, Terrance Hopkins and Leroy Quigg, Respondents.**

No. 06–0543.

Supreme Court of Texas.

March 28, 2008.

Barbara E. Rosenberg, Asst. City Atty., Thomas P. Perkins Jr., Janice S. Moss, James B. Pinson, Asst. City Atty., Ayeh Barzin Powers, Caroline Jordan, Karen Jyllane Tracy, Dallas, Cristina Catherine Doss, Addison, for Petitioner.

Rhonda Elaine Cates, Law Office of Rhonda E. Cates, PLLC, Garland, Bob Gorsky, Lyon, Gorsky, Haring & Gilbert, LLP, Charles W. McGarry, Law Office of Charles McGarry, Dallas, for Respondent.

PER CURIAM.

Dallas police officers Dwight DeQuire, Michael Felini, Terrance Hopkins and Leroy Quigg sued the City of Dallas for breach of contract, citing the City Charter and alleging the City's failure to promote them was in violation of the City's civil service rules and written Police Department policy. Plaintiffs sought declaratory relief and damages. The City filed a plea to the jurisdiction based on governmental immunity, and requested recovery of all costs of suit and attorney fees. The trial court granted the City's plea to the jurisdiction. The court of appeals reversed the trial court's order, holding that the City's request for attorney fees was an affirmative counterclaim waiving immunity from suit. 192 S.W.3d 663, 666 (Tex.App.-Dallas 2006).

The court of appeals relied on our first opinion in *Reata Constr. Corp. v. City of Dallas,* which we have since withdrawn and replaced. *See Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006). We need not reach whether a request for attorney fees under the Declaratory Judgments Act waives immunity from suit for claims for money damages not otherwise allowed under that Act. *See Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994) (holding, in an action construing the compulsory school-attendance law, that the Declaratory Judgments Act, by authorizing actions to construe legislative enactments and attorney fee awards, "necessarily waives governmental immunity for such awards"). On remand, the plaintiffs should have the opportunity to argue any grounds for waiver remaining under this Court's decisions, including whether the City's immunity from suit is waived by sections 271.151–.160 of the Local Government Code, enacted while this case has been pending on appeal. *See Dallas Fire Fighters Ass'n v. City of Dallas,* 231 S.W.3d 388, 388–89 (Tex.2007) (per curiam); *City of Irving v. Inform Constr., Inc.,* 201 S.W.3d 693, 694 (Tex.2006) (per curiam); *Tooke v. City of Mexia,* 197 S.W.3d 325, 343(Tex.2006) (citing *Federal Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 408 n. 1 (Tex.1997)); *Reata,* 197 S.W.3d at 378. Accordingly, we grant the City's petition

for review and without hearing oral argument, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings. TEX.R.APP. P. 59.1.