**DALLAS AREA RAPID TRANSIT,**
Appellant,

v.

**MONROE SHOP PARTNERS,**
**LTD., Appellee.**

No. 05–08–01526–CV.

Court of Appeals of Texas,
Dallas.

July 28, 2009.

Rehearing Overruled Sept. 11, 2009.

Harold R. McKeever, Jr., Thomas P. Brandt, Esq., George L. Lankford, Fanning Harper & Martinson, Dallas, TX, for Appellant.

Richard Capshaw, Capshaw, Gross & Bowers, L.L.P., Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG, and LAGARDE.[1]

## OPINION

Opinion By Justice FITZGERALD.

Dallas Area Rapid Transit ("DART") brings this interlocutory appeal from the trial court's denial of DART's plea to the jurisdiction. DART contends the trial court lacked subject matter jurisdiction over the breach of contract claim brought against DART by Monroe Shop Partners, Ltd. ("Monroe"). For the reasons discussed below, we affirm the trial court's order denying DART's plea.

### BACKGROUND

In November 2006, DART and Monroe entered into their CONTRACT OF SALE AND DEVELOPMENT (the "Contract"), which called for DART to sell, and Monroe to purchase and develop, certain historically significant property near a DART rail station. In December 2007, DART terminated the Contract, contending Monroe failed to comply with a condition precedent to closing, namely obtaining the financing required by the Contract. Monroe sued DART for breach of the contract, alleging DART wrongfully refused to close the sale of the property.

DART filed a plea to the jurisdiction, contending Monroe's claim does not fall within an expressed and unambiguous waiver of DART's governmental immunity. Monroe argued below that DART's immunity from both suit and liability was waived by statute. See TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon 2005). Following a series of hearings, the trial court denied DART's plea. DART brings this interlocutory appeal. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).

### PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). The sole issue before us is whether section 271.152 clearly and unambiguously waived DART's immunity from Monroe's suit for breach of the Contract. The statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for the breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE § 271.152.

*"Contract Subject to this Subchapter"*

DART argues first that the Contract is not a "contract subject to this subchapter"

---

[1] The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

within the meaning of the statute. The term is defined:

"Contract subject to this subchapter" means a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity.

*Id.* § 271.151(2). According to DART, the Contract is not an agreement to provide goods and services; it is a contract for sale of real estate, to which the statutory waiver of immunity from suit does not apply.

But DART ignores the development aspect of the Contract. Indeed, under the heading "BASIC TERMS" of the Contract, we find this section:

2.04 *Pre–Closing and Post–Closing Development.* As part of this transaction, Developer shall provide the services described in section 4.06 and Section 7.05 of this contract for the consideration described in those sections.

"Developer"—like "Purchaser"—is defined to mean Monroe. The pre-closing and post-closing development services are related to construction on the property, all of which would be subject to restrictions because of the historic nature of the property.

DART argues the development services Monroe contracted to perform were not for the benefit of DART; they were for the benefit of the State of Texas because of its restrictions on use of the historic property. The two beneficiaries are not mutually exclusive. Before contracting with Monroe, DART was itself bound by the restrictions flowing from the historic nature of the property. The Contract required Monroe to accept a separate assignment of those responsibilities from DART. In this vein, the Contract: required all construction documents related to the ren-

ovations to be approved by DART; established that those construction documents would ultimately belong to DART; provided for DART to approve the construction company hired by Monroe; and contained an exhibit with a list of all the specific construction work that Monroe must perform.

We conclude the Contract includes promises by Monroe to provide services to DART. The Contract is, therefore, a "contract subject to this subchapter," and it falls within the waiver of immunity provided by section 271.152. Our Court has read the waiver provision of section 271.152 broadly. Once the trial court determines whether a contract falls within the provisions of section 271.152, then any class of breach falls within it. *City of Mesquite v. PKG Contracting, Inc.,* 263 S.W.3d 444, 447 (Tex.App.-Dallas 2008, pet. filed). The supreme court has also construed the waiver language broadly:

the statute's legislative history indicates that, by enacting section 271.152, the Legislature intended to loosen the immunity bar so "that *all* local governmental entities that have been given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts."

*Ben Bolt–Palito Blanco Consol, Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 327 (Tex.2006).

### Limitations on Damages

■ The statute provides for certain limitations on the recovery of money damages in a suit brought against a governmental entity under a section 271.152 waiver of immunity. Specifically the statute limits the plaintiff's recovery to the "balance due and owed" by the governmental entity, including certain adjustments for amounts caused by delays, acceleration,

change orders, or additional work, plus interest. TEX. LOC. GOV'T CODE § 271.153(a).[2] DART argues there is no balance due and owed to Monroe under the Contract. Monroe disagrees and identifies sums it would attempt to recover in the suit against DART if it is allowed to go forward.

We have concluded statutory limitations on a plaintiff's recoverable damages do not deprive the trial court of subject matter jurisdiction to adjudicate the plaintiff's breach of contract claims. *City of Mesquite*, 263 S.W.3d at 448. DART's argument takes us far into the merits of the lawsuit and beyond jurisdictional facts. The trial court will be in the best position, following further proceedings below, to determine whether Monroe "is able to recover some, all, or none of the damages and remedies it claims." *See id.*

### Specific Performance

Finally, DART argues immunity has not been waived for Monroe's claim for specific performance. The Contract provides the following in the event of default by DART:

> If [DART] fails to consummate this contract for any reason, except the default of [Monroe], [Monroe] may enforce specific performance of this contract or may recover actual damages (including out-of-pocket expenses, incurred both before and after the Effective Date of this contract relating to this Property) as the sole remedy of [Monroe] with [Monroe] having the election of which remedy to pursue.

Monroe has pleaded for specific performance and, in the alternative, for damages.

**2.** The statute also disallows certain categories of recovery, including consequential damages and exemplary damages. *Id.* § 271.153(b). The supreme court has concluded that if a plaintiff seeks *only* excluded damages, then immunity is not waived. *See Tooke v. City of*

Section 271.153 addresses only money damages, not equitable remedies like specific performance. But we need not address the issue of available remedies on this record. Again, following further proceedings, the trial court will be in the best position to determine in the first instance what recovery Monroe may have. *See id.*

### CONCLUSION

We conclude DART's governmental immunity to Monroe's suit for breach of the Contract was clearly and unambiguously waived by section 271.152. We affirm the trial court's order denying DART's plea to the jurisdiction.

*Mexia*, 197 S.W.3d 325, 346 (Tex.2006) (where plaintiffs' only claim was for lost profits, which are excluded consequential damages, immunity not waived). DART *does not* argue the damages Monroe seeks are excluded.