Leonard JONES, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 05–08–01296–CV.

Court of Appeals of Texas,
Dallas.

March 10, 2010.

Rehearing Overruled May 18, 2010.

Ned Webster, Frank M. Gilstrap, Hill & Gilstrap, P.C., Arlington, TX, for Appellant.

Charles Estee, Assistant City Attorney, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT, Justices MARTIN RICHTER and FILLMORE.

## OPINION

Opinion By Justice MARTIN RICHTER.

Leonard Jones ("Jones") operated two golf courses for the City of Dallas ("City") pursuant to a written contract. Jones sued the City to recover "equitable compensation" allegedly due under the contract. The City filed a plea to jurisdiction, which was granted by the trial court. Jones raises five issues on appeal. He contends the trial court erred in granting the plea to jurisdiction because: 1) sovereign immunity was waived under Chapter 271 of the Local Government Code, 2) he was not required to give notice to the City pursuant to local ordinance as a prerequisite to filing suit, 3) he has standing to prosecute his claims for breach of contract, 4) he has a valid claim for declaratory judgment, and 5) the operation of golf course involves a proprietary function. Because the legislature has waived the City's immunity from suit under Chapter 271 of the Local Government Code, we reverse the trial court's order on that ground and remand for further proceedings. We conclude that Jones has standing to sue and, therefore, we reverse the trial court's order to the extent it granted the City's plea on the basis of lack of standing. We overrule the remaining issues raised on appeal and affirm the trial court's order in all other respects.

## BACKGROUND

Jones contracted with the City to provide services at two City owned golf

courses pursuant to a written contract dated February 14, 2001 ("Contract"). The Contract provided that Jones would provide golf pro services at the Cedar Crest Golf Course and L.B. Houston Golf Course for a period of ten years. The Contract required Jones to provide a number of services, including hiring a professional manager to manage the pro shop, hiring a professional event planner to manage the reservation facility, paying utilities for the facilities, maintaining a fleet of golf carts, providing security and course marshals and providing credit card services and a point of sale cash register system. Jones was required to pay the City a concession fee based upon a percentage of revenues he earned and then kept the remainder as compensation. The Cedar Crest Golf Course also had a banquet facility that Jones managed and he paid the City a percentage of revenue derived from its operation.

In the spring of 2004, the City began planning to renovate the Cedar Crest Golf Course. The golf course was closed in November 2003, but Jones attempted to keep the clubhouse and banquet facility open. During the course of the renovations Jones ultimately closed the clubhouse but kept the banquet facility open due to advance reservations. The golf course and a new driving range opened in October 2004. Jones alleged that he was harmed by the golf course closure and also that he lost money trying to keep the clubhouse and banquet facility open.

In February 2005, Jones made a claim against the City for "equitable compensation" due to the closure. The City alleged that it agreed Jones could retain $199,120 in commissions and that it did not require Jones to pay utility costs of $64,240.66 as compensation for his losses. Jones contends that settlement discussions continued into the fall of 2006, but he rejected the City's offer because it would not adequately compensate him for the losses he incurred during the closure, which he claims were approximately $900,000.

During this time, Jones was sued by some of his creditors for over $400,000. One of his creditors, TaylorMade Golf Company, Inc., received a default judgment, and in November 2006, the court issued a turnover order and appointed a receiver to take possession of all of Jones's property. While Jones was undergoing financial difficulties, he submitted over twenty checks to the City for concession payments that were returned for insufficient funds.

In February 2007, the City sent Jones a letter terminating the Contract pursuant to Paragraph 11, effective March 6, 2007. Paragraph 11 permitted the City to terminate the Contract "for cause" or "for the convenience of the City" and provided:

CITY shall equitably compensate CONTRACTOR in accordance with the terms of this Contract for the Services properly performed prior to the date specified in such notice, following inspection and acceptance of same by CITY'S Director. CONTRACTOR shall not, however, be entitled to lost or anticipated profits should CITY choose to exercise its option to terminate.

In the termination letter, the City demanded payment of the amounts represented by the NSF checks in the amount of $259,106.17, but it acknowledged the equitable compensation clause, stating:

The City is aware of the provisions of Paragraph 11 calling for equitable compensation in accordance with the term of the Contract for services properly performed prior to the date specified in the notice of termination. The City has every intention to abide by the terms of the Contract.

On March 6, 2007, Jones paid the City the amounts due for the NSF checks and filed suit seeking a temporary restraining order. This proceeding was later non-suited.

In January 2006, the City passed Ordinance No. 26225 which requires written notice to the City as a prerequisite to filing suit. The ordinance applies to any alleged breach occurring on or after January 30, 2006, and its requirements were "incorporated by reference into all existing and future city contracts." Jones did not give written notice prior to filing suit.

Jones filed this suit in November 2007, claiming damages pursuant to the equitable compensation clause of the Contract and seeking a declaratory judgment that the Contract was not properly terminated. The City filed a plea to jurisdiction which the trial court granted and this appeal followed.

## STANDARD OF REVIEW

▆ A plea to jurisdiction contests the trial court's subject matter jurisdiction and is the proper method for asserting a claim of governmental immunity. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Whether a court has subject matter jurisdiction is a question of law, which is reviewed de novo. *Id.*

## DISCUSSION

### *Waiver of Sovereign Immunity under Chapter 271*

▆ Jones primary argument for defeating the City's claim of sovereign immunity and first issue on appeal is that the City's immunity from suit has been waived under Chapter 271 of the Local Government Code. A local governmental entity waives immunity from suit for breach of a contract when it enters into a contract that is subject to subchapter I of Chapter 271.

TEX. LOCAL GOV'T CODE ANN. § 271.152 (Vernon 2005). Section 271.152 states:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

*Id.* The parties do not dispute that the City is a "local governmental entity" or that the Contract is a written contract that is subject to this chapter. Instead, the parties dispute whether the damages Jones seeks are permitted by the statute or the Contract. Section 271.153(a)(1) limits the damages that may be recovered under this chapter to "the balance due and owed by the local governmental entity under the contract as it may have been amended." TEX. LOCAL GOV'T CODE ANN. § 271.153(a)(1) (Vernon 2005). In addition, subsection (b)(1) prohibits the recovery of consequential damages, exemplary damages, or unabsorbed home office overhead. *Id.*

The City contends that it was not required to pay Jones anything under the Contract, therefore, there is no "balance due and owed." Alternately, the City argues that any damages Jones seeks are consequential damages, barred by § 251.153(b). Jones, on the other hand, argues that once we decide there is a written contract subject to Chapter 271, sovereign immunity is waived, the plea to jurisdiction should be denied, and the court should not consider whether the damages are barred by § 271.153. We have addressed this issue in two recent cases and concluded that on a plea to jurisdiction we should not delve into the nature and extent of damages. *Dallas Area Rapid Transit v. Monroe Shop Partners, Ltd.,* 293 S.W.3d 839, 842 (Tex.App.-

Dallas 2009, pet. filed); *City of Mesquite v. PKG Contracting, Inc.,* 263 S.W.3d 444, 448 (Tex.App.-Dallas 2008, pet. filed).

In *City of Mesquite,* a contractor sued the city to recover damages from overruns, delay and increased costs to perform. The city argued that the damages were not allowed by the statute. We held that "the nature and extent of damages that may be proved have yet to be determined and must await further development." *City of Mesquite,* 263 S.W.3d at 448, n. 3. Based upon the limited record we concluded: "We cannot say on this record that PKG's claim for damages is solely for damages excluded by the statute. . . . The trial court is in the best position following further proceedings to determine whether PKG is able to recover some, all, or none of the damages and remedies it claims." *Id.* Similarly, in *DART* we concluded "statutory limitations on a plaintiff's **recoverable damages** do not deprive the trial court of subject matter jurisdiction to adjudicate the plaintiff's breach of **contract** claims." *DART,* 293 S.W.3d at 842 (emphasis in original).

These two decisions are also consistent with a recent opinion of the Texas Supreme Court concerning waiver of sovereign immunity under the Whistleblower Act, decided while this case was pending. *See State v. Lueck,* 290 S.W.3d 876 (Tex. 2009). The court discussed the level of inquiry that would be required to satisfy the jurisdictional requirement, stating:

> Our holding does not mean that Lueck must prove his claim in order to satisfy the jurisdictional hurdle. Although the section 554.002(a) elements must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act to fall within the section 554.035 waiver, we have urged that the burden of proof with respect to these jurisdictional facts

'does not involve a significant inquiry into the substance of the claims.'

*Id.* at 884.

The City attempts to distinguish *City of Mesquite* and *DART* by arguing that it was not required to pay Jones anything. Instead Jones was required to pay commissions to the City. The City relies on *City of San Antonio v. Polanco & Co., L.L.C.,* No. 04–07–00258, 2007 WL 3171360 (Tex.App.-San Antonio October 31, 2007, pet. denied) to support its argument. In *Polanco,* the plaintiff sought payment for equipment and inventory that were left behind upon termination of the contract. After reviewing the contract, the court found that there was no provision for the city to pay Polanco anything. Here, on the other hand, the Contract contained one provision for payment by the City to Jones. In the event of termination the Contract provided:

> CITY shall equitably compensate CONTRACTOR in accordance with the terms of this contract for the Services properly performed prior to the date specified in such notice, following inspection and acceptance of same by CITY'S Director. CONTRACTOR shall not, however, be entitled to lost or anticipated profits should CITY choose to exercise its option to terminate.

The Contract did not define the term "equitable compensation" and the City argues that when the clause is considered in its entirety, the City could not be obligated to pay Jones anything except flood stipends or capital improvements. However, the City's argument fails to consider the balance of the sentence containing the equitable compensation clause. The provision required the City to compensate Jones for "Services properly performed prior to the date specified in such notice, following inspection and acceptance of same by CITY'S Director." The term

"Services," although capitalized in the Contract, was not defined by the parties. However, Jones was required to provide a number of services, including hiring a professional manager to manage the pro shop, hiring a professional event planner to manage the reservation facility, paying utilities for the facilities, maintaining a fleet of golf carts, providing security and course marshals and providing credit card services and a point of sale cash register system. Jones alleged that he was required to provide services while the golf courses were closed and he was not compensated for those services. Therefore, we conclude that this case is similar to *City of Mesquite* and *DART*, but differs factually from *Polanco*. Jones has alleged damages that may be due under the equitable compensation clause of the Contract. Based upon the current record and stage of the proceeding, we cannot say that the City did not owe Jones anything under the Contract.

■ The City also argues that any damages Jones seeks are consequential damages and they are barred by § 271.153(b)(1). Consequential damages are damages "that result naturally, but not necessarily, from the acts complained of." *Boyer, Inc. v. Trinity River Auth. of Tex.*, 279 S.W.3d 354, 358–359 (Tex.App.-Fort Worth 2008, pet. denied). Chapter 271 prohibits recovery of consequential damages. However, several courts have held that the if parties agree in the contract to expand the damages recoverable then they are no longer consequential and are not barred by § 271.153(b). *Id.* at 359 (lost profits may be recovered where the contract provided for their payment); *City of Houston v. Allco, Inc.*, 238 S.W.3d 849, 854 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (cost to test, move, and dispose of contaminated soil constituted "extra work" and was therefore a "balance due and owed under the contract" and authorized by § 271.153).

Like the City's first argument, we cannot say at this stage in the proceeding that the damages Jones seeks are barred by § 271.153. Jones has alleged that there is a balance due under the equitable compensation clause of the Contract for services he performed while the golf courses were closed. There are factual and legal issues concerning interpretation of the contract and the meaning of the term "equitably compensate." Those are not issues that can be decided at this stage of the proceedings, but instead will require further development. Therefore, we conclude Jones has sufficiently alleged damages due and owed under the Contract to establish a waiver of sovereign immunity under Chapter 271. Jones's first issue is sustained.

### Notice Under Local Ordinance

Jones argues in his second issue that a local ordinance requiring notice before filing suit does not bar his claim for breach of contract. Ordinance No. 26225 requires parties suing the City for breach of contract to give prior written notice to the City of a claim. The Ordinance provides that it applies only to an "alleged breach of contract by the city occurring on or after January 30, 2006." The parties do not dispute that the notice required by the Ordinance could not affect a breach that occurred prior to its effective date. In its brief, the City argues that the notice applies to Jones's "claim regarding the termination of the contract in 2007." While there may have been some confusion in the trial court about whether Jones was seeking damages for "wrongful termination" or for damages due to the closure of the golf course, Jones has made it clear on appeal that "we are not suing the City for *terminating* Jones. We are seeking *equitable compensation* for the *services* rendered *prior* to the purported termination." The

alleged breach and therefore any claim for "equitable damages" relating to the course closure occurred well before the Ordinance's effective date. The City acknowledges in its brief that it "did not contend that the notice requirement applied to his claim regarding the 2003 closure of Cedar Crest Golf Course." Accordingly, there is no dispute that the Ordinance does not apply and we do not reach the parties' remaining arguments relating to the Ordinance.

### Standing to Sue

In his third issue, Jones argues that he has standing to bring these claims against the City. The City argues that Jones did not have standing to assert these claims because one of Jones's creditors had obtained a turnover order and a receiver had been appointed. The City attached a copy of the November 2006 turnover order to its Supplemental Plea to Jurisdiction. After the City raised this argument in the trial court, Jones filed a First Amended Original Petition and pled that he settled for approximately $150,000 with the creditors who had sued him. The City also contends that Jones did not respond to the City's argument in the trial court and has therefore waived this issue.

 Standing is "implicit" in the concept of subject matter jurisdiction and is a "constitutional prerequisite" to bringing a lawsuit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). When a plea to the jurisdiction challenges the trial court's subject-matter jurisdiction we first consider the pleadings. *See Miranda*, 133 S.W.3d at 226. Unless the City has challenged and conclusively negated a jurisdictional fact pled by Jones, we must assume the fact to be true for purposes of our jurisdictional analysis. *Id.* at 226. The trial court may also consider relevant evidence submitted by the parties.

*Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000)).

 Initially, we address the City's argument that Jones waived the standing issue in the trial court. Subject matter jurisdiction can be raised at any time, including for the first time on appeal. *Dequire v. City of Dallas*, 192 S.W.3d 663, 665 n. 2 (Tex.App.-Dallas 2006), *rev'd on other grounds*, 249 S.W.3d 428 (Tex.2008) (per curiam). In addition, Jones did respond to the City's argument that he lacked standing due to appointment of a receiver. He filed an amended petition and stated he had settled with the creditors who had sued him. Therefore, we conclude that Jones has not waived the standing issue.

 Next we consider whether the evidence established that Jones lost all interest in his breach of contract claim. The City did not challenge Jones's assertion that the claims with his creditors had been settled. Other than a copy of the order appointing a receiver, the City did not present any evidence that a bond was posted, the oath of office was taken or that the receiver ever took possession of any of Jones's assets. TEX. CIV. PRAC. & REM.CODE ANN. §§ 64.022, 64.023 (Vernon 2008) (requiring a receiver to be sworn and post a bond before assuming duties). Nor does the City explain how the appointment of a receiver divests the owner of all interest in the property, absent a sale of that property. Based upon Jones's statement that he settled with his creditors and the incomplete evidence of appointment of a receiver, we conclude that there is no basis for finding Jones lacked standing to assert claims for breach of a contract he was a party to. Accordingly, to the extent the trial court granted the City's plea to jurisdiction for lack of standing, we reverse the order.

### Declaratory Judgment Claim

In his fourth issue, Jones argues that the trial court erred in dismissing his declaratory judgment claim against the City. Jones alleged in his original and amended petitions that the City improperly delegated its authority to terminate the Contract to the Director of the Department of Parks and Recreation. He argued that such delegation was "illegal and invalid." The City's plea to jurisdiction challenged the claim for declaratory judgment on the grounds that it was: 1) barred by sovereign immunity, 2) moot, and 3) encompassed within a mature claim. Jones only responded to the City's first argument, even though the City pointed out Jones's failure to respond to the remaining arguments in its reply brief and at the hearing. At the hearing on the plea to jurisdiction the trial court gave Jones an opportunity to file another brief, but he did not do so. On appeal, Jones argues that sovereign immunity has been waived for the declaratory judgment claim and he raises an entirely new argument that he is entitled to be reinstated for the balance of the term of the Contract. Jones did not, however, respond to the remaining grounds for dismissal asserted by the City in the trial court. Because Jones did not challenge the dismissal of the declaratory judgment claim on all grounds in either the trial court or in this court, the judgment of the trial court must be affirmed.[1] Britton v. Tex. Dep't of Crim. Justice, 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (judgment must be affirmed when appellant fails to attack all independent grounds to support a judgment). Therefore, we overrule Jones's fourth issue and affirm the trial court's order dismissing the claim for declaratory judgment against the City.

### Proprietary Function or a Governmental Function

In his final issue, Jones argues that the Contract with the City for the operation of a golf course and banquet facility involved a proprietary function, and not a governmental function, and therefore the City has no immunity. The City responded in the trial court and before this Court that the operation of a golf course is a governmental function, the proprietary/governmental distinction is not applicable to breach of contract claims and the distinction is not applicable to home-rule cities. Jones only addressed the proprietary versus government distinction, but did not respond in either the trial court or in his original brief filed with this Court, to the other two arguments raised by the City. By failing to respond to all possible grounds for the trial court's ruling, Jones has waived those issues and the trial court order must be affirmed. *Id.* Accordingly, we overrule Jones's fifth issue and affirm the trial court order to the extent it rejected Jones's argument that sovereign immunity was waived because the operation of a golf course is a proprietary function.[2]

### CONCLUSION

We conclude the City waived sovereign immunity under Chapter 271 of the Local

---

1. Jones raised additional arguments in his Reply Brief and filed a motion to supplement his brief. We denied that motion. *See Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.-Dallas 2006, pet. denied) (Appellant not permitted to raise new arguments in reply brief).

2. While this case was pending we addressed the issue of whether the operation of a golf course and club house is a proprietary or governmental function in *City of Plano v. Homoky*, 294 S.W.3d 809 (Tex.App.-Dallas 2009, no pet.) and concluded it is a governmental function and the governmental entity is immune from suit.

Government Code and that Jones has standing to sue. We reverse the trial court order to the extent it granted the City's plea to jurisdiction under Chapter 271 and to the extent it concluded that Jones did not have standing to sue. We affirm the trial court's order in all other respects.