**AFFIRMED and Opinion Filed November 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00208-CV

**DALLAS AREA RAPID TRANSIT AND NANCY K. JOHNSON, Appellants**
**V.**
**AMALGAMATED TRANSIT UNION LOCAL NO. 1338, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC13-05156**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

Dallas Area Rapid Transit and Nancy K. Johnson, Secretary of the DART Trial Board,[1]
bring this interlocutory appeal of the trial court's order denying their plea to the jurisdiction.
Amalgamated Transit Union Local No. 1338 sued DART for breach of contract. DART argued
that it had governmental immunity and, as a result, the trial court lacked subject matter
jurisdiction. We conclude that the trial court had subject matter jurisdiction because ATU 1338
presented facts alleging that DART breached an agreement that settled a lawsuit in which DART
waived immunity. We affirm the trial court's order denying DART's plea to the jurisdiction.
We issue this memorandum opinion because the issues of law are settled. TEX. R. APP. P.
47.2(a), .4.

---

[1] We refer to appellants collectively as DART unless the context requires otherwise.

BACKGROUND

This appeal involves DART's grievance procedures. The procedures involve multiple levels. When an employee files a grievance, the employee begins at level one. If the employee's request for a hearing is denied, the employee may request a hearing at level two. If the request is denied at level two, the employee may request a hearing at level three. An employee whose request is denied at all three levels may request an appeal to the neutral DART Trial Board. Requests for appeal to the Trial Board must be submitted to the Secretary, who then refers the requests to the Trial Board. However, the Trial Board does not have jurisdiction to hear all grievances.

DART's Employment Manual also has provisions for newly hired employees. It states that newly hired employees are on probationary status for the first six months and have limited rights to file a grievance or request an appeal. An employee on probationary status does not have the right to appeal a disciplinary action, and the employee may be discharged during the probationary period with no right to appeal the discharge.

In 2000, ATU 1338 sued DART alleging that DART was improperly denying its employees' grievances and requests for appeal. DART counterclaimed against ATU 1338 seeking, among other things, actual damages, monetary sanctions, and attorney's fees. DART eventually nonsuited its counterclaims. The parties resolved the 2000 lawsuit by signing a compromise settlement agreement containing a dispute resolution procedure for certain grievances. ATU 1338 refers to the settlement agreement in the 2000 lawsuit as the Johnson Agreement. The Johnson Agreement required DART to incorporate the procedure into its Employment Manual; DART added the procedure as Section 8.11 of the Employment Manual.

According to the allegations in the current lawsuit, the Johnson Agreement established a grievance procedure designed to require DART and the Secretary to refer all requests for appeal

to the Trial Board. However, the procedure also authorized the Secretary to deny requests for appeal to the Trial Board that the Secretary determined in good faith were general grievances or outside the jurisdiction of the Trial Board for some other reason.[2] The Johnson Agreement authorized the employee whose request for appeal to the Trial Board was denied to request an appeal to a neutral arbitrator for the sole purpose of determining whether the Trial Board had jurisdiction of the grievance. The Johnson Agreement stated that the arbitrator's determination of the Trial Board's jurisdiction was final and binding on both the employee and DART. And if the arbitrator determined that the Trial Board had jurisdiction, then the request for appeal was "deemed submitted" to the Trial Board under Section 8.9 of the Employment Manual.[3]

In December 2010, DART issued a citation for a safety violation to Robert Katz, a newly hired rail operator. Katz filed a grievance contending that DART treated him differently from other rail operators who engaged in the same conduct. DART denied Katz's grievance at all levels of the hearing process on the basis that Katz had no right to use the grievance process because he was on probationary status. DART later fired Katz during his probationary period.

After Katz was fired, Katz and ATU 1338 on behalf of Katz and all DART employees (collectively ATU 1338) filed a new grievance (the March 3 grievance) alleging that DART violated provisions in the Employment Manual by retaliating against Katz and terminating him for filing and pursuing a grievance. ATU 1338 contended that employees on probationary status

---

[2] The Johnson Agreement stated:

> [T]he Secretary shall accept and process all appeals to the Trial Board submitted to the Secretary pursuant to Section 8.9(A) of the [Employment Manual], or any successor thereof other than those which the Secretary determines in good faith meet the definition of "general grievances" as defined by Section 8.8(A)(1) or those that DART or the Secretary determine, in good faith, are for any other reason, improper and/or outside the jurisdiction of the Trial Board[.]

[3] The Johnson Agreement stated:

> d. The jurisdiction and authority of the neutral arbitrator is limited to resolving the following issue: Whether the Trial Board has jurisdiction to hear the grievance. The decision of the neutral arbitrator is final and binding upon both the employee and DART. . . . A finding that the Trial Board has jurisdiction to hear the grievance shall be accepted by DART and the Secretary and the request for appeal pursuant to Section 8.9(A) shall be deemed submitted on the date that the Secretary receives the final written decision from the neutral arbitrator. . . .

had a right to file a grievance as long as it was not an appeal of a disciplinary action. (It was undisputed below that the citation Katz received was considered a non-disciplinary action.) At each stage of the grievance process, DART denied ATU 1338's request for a hearing, stating that Katz had no right to use the grievance or appeal process because of his probationary status. Johnson also denied ATU 1338's request for appeal to the Trial Board for the same reason.

ATU 1338 invoked its right to appeal to arbitration under Section 8.11 and the Johnson Agreement, and the parties selected an arbitrator. After a hearing, the arbitrator determined that the Trial Board had jurisdiction of ATU 1338's allegations of retaliation by DART against Katz.[4] But before the Trial Board hearing officer heard the merits of the grievance, DART filed a motion to dismiss with the Trial Board asking the hearing officer to dismiss the appeal because Katz was on probationary status and had no right to use the grievance or appeal process. ATU 1338 argued that the arbitrator's decision regarding the Trial Board's jurisdiction was final and binding on the parties. The hearing officer disagreed and ruled that the arbitration "was not the proper means to decide jurisdiction" and that the arbitrator's decision was "persuasive but not binding." The hearing officer granted DART's motion to dismiss. ATU 1338 then filed this lawsuit against DART alleging that DART breached the Johnson Agreement.

In its plea to the jurisdiction, DART argued, among other things, that it complied with the Johnson Agreement by incorporating the procedure into Section 8.11 of the Employment Manual and following the procedure throughout the arbitration process. DART argued that once the arbitrator made his decision about jurisdiction under Section 8.11, then the parties "moved forward to" Section 8.9 for appealing a grievance and the hearing officer had the authority under Section 8.9 to "fashion an appropriate remedy." It contended that Section 8.9 was unaffected by

---

[4] The arbitrator determined that the Trial Board did not have jurisdiction of allegations that Katz was improperly discharged, citing the provisions of the Employment Manual stating that probationary employees may not appeal a disciplinary matter.

the Johnson Agreement, which addressed only Section 8.11, and that because ATU 1338's allegations of breach related to the hearing officer's authority under Section 8.9, those allegations did not relate to the Johnson Agreement. The trial court disagreed and denied the plea to the jurisdiction.

## STANDARD OF REVIEW AND APPLICABLE LAW

It is undisputed that DART and Johnson enjoy governmental immunity from suit absent a statutory waiver. *See Dall. Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 661 (Tex. 2008); *Dall. Area Rapid Transit v. Monroe Shop Partners, Ltd.*, 293 S.W.3d 839, 840 (Tex. App.—Dallas 2009, pet. denied). Governmental immunity defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

If a governmental entity agrees to settle a lawsuit in which it has waived governmental immunity, it cannot claim immunity from suit for breach of the settlement agreement. *Livecchi v. City of Grand Prairie*, 109 S.W.3d 920, 922 (Tex. App.—Dallas 2003, pet. dism'd) (citing *Tex. A&M Univ.–Kingsville v. Lawson*, 87 S.W.3d 518, 518 (Tex. 2002) (plurality op.)). Accordingly, to avoid dismissal based on a plea to the jurisdiction in a breach of contract suit against a governmental entity, the plaintiff must allege facts that present a breach of a settlement agreement and must show the settlement was for a lawsuit in which the governmental entity waived immunity. *Id*.

DISCUSSION

**Plea to the Jurisdiction**

*Allegations of Breach*

In its first issue, DART argues that ATU 1338 did not allege a breach of the Johnson Agreement. We disagree.

ATU 1338 contends that the Johnson Agreement required DART to exercise good faith in determining that a grievance was a general grievance or that the Trial Board otherwise lacked jurisdiction of the grievance. In its petition, ATU 1338 alleged, among other things, that DART "did not determine in good faith that the March 3 Grievance met the definition of 'general grievances' . . . and did not determine in good faith that for any other reason the March 3 Grievance was improper and/or outside the jurisdiction of the Trial Board." ATU 1338 also contends that the Johnson Agreement authorized an employee whose request for appeal to the Trial Board was denied by the Secretary to request an appeal to a neutral arbitrator who would determine whether the Trial Board had jurisdiction and that the arbitrator's decision regarding the Trial Board's jurisdiction was final and binding on the parties. ATU 1338 alleged in its petition, among other things, that DART "failed to treat the decision of [the] Arbitrator . . . as a final and binding determination of the Trial Board's jurisdiction to hear the underlying merits of Katz'[s] and ATU 1338's grievance" and that "DART's motion to dismiss with the Trial Board hearing officer . . . was in violation of the Johnson Agreement and breached that agreement."

Based on these allegations, we conclude that ATU 1338 presented facts alleging breaches of the Johnson Agreement. *See Livecchi*, 109 S.W.3d at 922. And we reject, as did the trial court, DART's argument that the Johnson Agreement did not limit the Trial Board's authority to dismiss ATU 1338's grievance for lack of jurisdiction. Under DART's construction, the Johnson Agreement's provision for having a neutral arbitrator decide the issue of the Trial

–6–

Board's jurisdiction is rendered meaningless if the Trial Board may nevertheless dismiss a grievance for lack of jurisdiction. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011) (construing writing to give effect to all provisions so that none rendered meaningless).

### *Waiver of Immunity*

The plaintiff also must show that the settlement agreement was for a lawsuit in which the governmental entity waived immunity. *Livecchi*, 109 S.W.3d at 922 (citing *Lawson*, 87 S.W.3d at 518).

ATU 1338 argued that DART waived governmental immunity in the 2000 lawsuit because DART asserted counterclaims seeking affirmative relief against ATU 1338. *See City of Dallas v. Albert*, 354 S.W.3d 368, 374–75 (Tex. 2011); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 376–77 (Tex. 2006). DART did not respond to this argument in its plea to the jurisdiction or now on appeal except to argue that ATU 1338's allegations of breach in this case do not relate to the Johnson Agreement. But we have already addressed DART's argument and rejected it.

DART does not argue that it did not waive governmental immunity in the 2000 lawsuit. And the record shows that DART filed counterclaims in the 2000 lawsuit seeking affirmative relief against ATU 1338, thereby giving the trial court jurisdiction over its claims in that lawsuit. *See Albert*, 354 S.W.3d at 374–75; *Reata Constr. Corp.*, 197 S.W.3d at 376–77. Consequently, we conclude that ATU 1338 satisfied its burden to show that the Johnson Agreement settled a lawsuit in which DART waived governmental immunity.

We resolve issue one against DART and conclude that the trial court did not err by denying DART's plea to the jurisdiction.

**13(c) Arrangement**

DART's second issue asks whether "the Section 13(c) Arrangement, on which ATU bases its complaint[,] preempt[s] DART's immunity from suit?" Section 13(c) refers to Section 13(c) of the Urban Mass Transit Act. *Dall. Area Rapid Transit*, 273 S.W.3d at 660. Section 13(c) "conditions a public transportation authority's receipt of federal financial assistance on 'arrangements the Secretary of Labor concludes are fair and equitable' to protect 'the interests of employees affected by the assistance.'" *Id*. (citation omitted).

DART asserted below that "[a]ny dispute involving the interpretation, enforcement, or application of the terms and conditions of the protective arrangements, or resolutions there under, may be resolved through the [Department of Labor] pursuant to Attachment A, paragraph 16 or other applicable paragraph of the Arrangement." But in its petition ATU 1338 did not refer to the 13(c) Arrangement, did not seek a remedy under the 13(c) Arrangement, and did not address the "interpretation, enforcement, or application of the terms and conditions of the protective arrangements, or resolutions there under[.]" Instead, ATU 1338 alleged that it sought compliance with the Johnson Agreement as incorporated into Section 8.11 of the Employment Manual.

Additionally, DART argues that "the gist of ATU's complaint involves 'final and binding' actions" taken by the hearing officer under Section 8.9, which was not encompassed in the Johnson Agreement and, consequently, ATU 1338's only "recourse or remedy . . . is through the [Department of Labor] via the 13(c) Arrangement not through judicial piecemeal enforcement." But the 13(c) Arrangement addresses grievances and appeals related to the "establishment of, or failure to establish, specified wages, hours or conditions of work." *See id.* at 662. Here, ATU 1338's request for appeal involved allegations of retaliation, not issues related to the "establishment of, or failure to establish, specified wages, hours or conditions of

work." *See id.* And DART does not explain how the 13(c) Arrangement applies to those allegations of retaliation. We resolve issue two against DART.

## CONCLUSION

We conclude that the trial court did not err by denying DART's plea to the jurisdiction and we affirm the trial court's order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140208F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS AREA RAPID TRANSIT AND
NANCY K. JOHNSON, Appellants

No. 05-14-00208-CV     V.

AMALGAMATED TRANSIT UNION
LOCAL NO. 1338, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC13-05156.
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Amalgamated Transit Union Local No. 1338 recover its
costs of this appeal from appellants Dallas Area Rapid Transit and Nancy K. Johnson.


Judgment entered this 25th day of November, 2014.