The CITY OF MESQUITE, Appellant

v.

PKG CONTRACTING, INC., Appellee.

No. 05–07–00627–CV.

Court of Appeals of Texas, Dallas.

July 9, 2008.

Rehearing Overruled Oct. 2, 2008.

W. Andrew Messer, Messer, Campbell & Brady, LLP, Natalie Brooks Banuelos, Frisco, for Appellant.

Bradford W. Irelan, Irelan & Hargis, P.L.L.C., E. John Gorman, Houston, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MOSELEY.

In this breach of contract case, the City of Mesquite appeals the denial of its plea to the jurisdiction. Because the legislature has clearly and unambiguously waived the City's immunity from suit for the claims asserted against it in this case, we affirm the trial court's order.

### BACKGROUND

In October 1999, PKG contracted with the City to construct a storm drainage system. During the course of performance, disputes arose over which party was responsible for moving certain utilities from the construction right-of-way. PKG completed performance of the contract in July 2001, about eight months after the originally scheduled completion date.

PKG sued the City. It claimed the City represented that utility lines would be removed before PKG began work, and the City failed to move the utility lines as it was required to do under the contract. As a result, PKG had to work on the project piecemeal, rather than in the linear fashion for which PKG had planned and budgeted. Additionally, PKG alleged that because the City did not move the utility lines, PKG was limited in the machinery and manpower it could deploy on the project, resulting in delays. PKG also claimed the contract

required the City to pay for extra excavation. PKG sought to recover damages resulting from overruns, delay, and increased costs to perform.

The City filed a plea to the jurisdiction based on governmental immunity from suit, which the trial court overruled. On appeal, this Court reversed and dismissed the case, concluding the City's immunity for PKG's tort claims was not waived, and its immunity for PKG's contract claims was not waived by section 51.075 of the local government code or by a provision in the City's charter authorizing it to "sue and be sued; . . . contract and be contracted with; implead and be impleaded in all courts." [1] *See City of Mesquite v. PKG Contracting, Inc.*, 148 S.W.3d 209 (Tex. App.-Dallas 2004). The supreme court agreed with our decision. *PKG Contracting, Inc. v. City of Mesquite*, 197 S.W.3d 388 (Tex.2006). However, it also observed:

> While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. . . . PKG should have the opportunity to argue in the trial court that the City's immunity from suit is waived by these provisions.

*Id.* at 389. Thus, the supreme court reversed this Court's judgment and remanded the case to the trial court for further proceedings. *Id.*

After remand, the City filed a plea to the jurisdiction arguing it was immune from suit on PKG's breach of contract claims. PKG argued the City's immunity from suit on breach of contract claims was waived by the local government code. The trial court denied the City's plea and the City filed this interlocutory appeal. TEX.

CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2007).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).

## APPLICABLE LAW

"[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007). The supreme court has found that subchapter I of chapter 271 of the local government code (sections 271.151–.160) waives "immunity from suit for contract claims against most local governmental entities in certain circumstances." *Tooke v. City of Mexia*, 197 S.W.3d 325, 344–45 (Tex.2006); *see also* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (Vernon 2005). The statutory provision at issue here is section 271.152 of the local government code, which provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a *contract subject to this subchapter* waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOCAL GOV'T CODE ANN. § 271.152 (emphasis added).

---

1. MESQUITE, TEX., CITY CHARTER art. III, § 1.

■ For purposes of section 251.152, a "local governmental entity" includes a municipality such as the City. *See id.* § 271.151(3)(a). A "contract subject to this subchapter" is a "written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2). For breach of contract claims falling within the waiver of immunity, subchapter I provides: (1) for certain limitations and exclusions on damage awards; and (2) that adjudication procedures—including notice requirements that are stated in the contract or established by the local government and incorporated into the contract—are enforceable except to the extent they conflict with the terms of the subchapter. *See Id.* §§ 271.153, 271.154. The amendments waiving immunity and limiting damages are retroactive to the extent that sovereign immunity was not waived before the effective date of the amendments. *See Tooke,* 197 S.W.3d at 344–45.[2]

## ANALYSIS

■ The parties do not dispute, and the record supports, the following conclusions: the City is a "local government entity" under the statute; it properly executed a written contract with PKG for providing goods or services to the City; the contract states the "essential terms of the agreement" between the City and PKG; and PKG is seeking to adjudicate claim for breach of the contract. Therefore, the contract at issue is a "contract subject to this subchapter" under section 271.151(2), and the City, by entering into the contract has waived its governmental immunity to suit. *See Id.* § 271.152.

■ The City argues that governmental immunity is waived only for claims of breach of the essential, written terms of an agreement, not for implied duties. However, the waiver of immunity under sections 271.151–.160 applies to any claims for breach of a contract falling within the terms of the statute. *See* TEX. LOCAL GOV'T CODE ANN. §§ 271.151(2), .152. Once the trial court determines whether the contract falls within the provisions of section 271.152, it need not parse further the pleadings or the contract to determine whether the legislature has waived immunity for breach of contract claims.

The City makes several other arguments. It asserts there is no waiver of immunity because PKG failed to comply with notice provisions in the contract for delay and extra work performed. Section 271.154 provides that if the parties agree to a particular procedure for adjudication

2. Tooke stated:

The provisions waiving immunity and limiting damages "apply to a claim that arises under a contract executed before the effective date of this Act only if sovereign immunity has not been waived with respect to the claim before the effective date of this Act," which was September 1, 2005. If immunity was waived for a claim that arose before that date, HB 2039 has no effect. A governmental entity cannot complain of a retroactive waiver of immunity, since all governmental immunity derives from the State, and a governmental entity acquires no vested rights against the State. Indeed, legislative retroactive consent to sue is provided for by statute. Because we have held that the City was immune from suit on the Tookes' claim that arose before the effective date of HB 2039, its immunity is waived only to the extent provided by that statute. *Id.* (footnotes omitted) (quoting Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1549 (codified at TEX LOC. GOVT CODE §§ 271.151–.160)). Both the supreme court and this Court concluded the City was immune from suit on PKG's claims that arose before the effective date of the statutory amendment. Thus, the City's immunity is waived only to the extent provided by that statute.

of claims on the contract, that procedure will be enforced "except to the extent those procedures conflict with the terms" of sections 271.151–.160. TEX. LOCAL GOV'T CODE ANN. § 271.154. However, failure to give a contractual notice or to follow a contract procedure does not mean the suit is not for the purpose of adjudicating a claim for breach of a contract as defined by section 271.151(2). *Id.* § 271.151(2). Whether PKG complied with the notice provisions of the contract may be an affirmative defense to the merits of the suit, but it would not deprive the trial court of subject matter jurisdiction.

The City also argues that its governmental immunity is not waived because the damages claimed by PKG do not fall within the categories of damages allowed under the statute. However, statutory limitations on PKG's recoverable damages do not deprive the trial court of subject matter jurisdiction to adjudicate PKG's breach of contract claims. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. We cannot say on this record that PKG's claim for damages is solely for damages excluded by the statute. *See Tooke,* 197 S.W.3d at 345–46 (concluding Tooke's claim was only for lost profits, which are consequential damages excluded from recovery under the statute).[3] The trial court is in the best position following further proceedings to determine whether PKG is able to recover some, all, or none of the damages and remedies it claims.

■ Finally, the City argues that PKG's parol evidence should not be considered because the contract contains an integration clause. Again, this argument goes to the merits of PKG's claims, not the trial

court's jurisdiction to adjudicate those claims. As we have noted above, our only concern on appeal is whether the City's immunity from suit has been waived under the local government code. We do not address the merits of the claim for breach. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 554.

We conclude the contract between the City and PKG falls squarely within the requirements for a waiver of immunity to suit in section 271.152. Having found nothing in the record that takes this case outside the provisions of local government code sections 271.151–.160, we conclude that the legislature intended to waive the City's governmental immunity to suit when it entered into a properly executed written contract for goods or services to the City. We overrule the City's issues.

We affirm the trial court's order.

---

3. *Tooke* was an appeal from a judgment rendered following a jury trial and jury verdict in favor of the Tookes. *Tooke,* 197 S.W.3d at 330. The case before us is an interlocutory appeal of an order denying a plea to the jurisdiction on a limited record; thus the nature and extent of damages that may be proved have yet to be determined and must await further development. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 554.