

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LOWER VALLEY WATER DISTRICT, | § | |
| | | No. 08-17-00261-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 448th District Court |
| DANNY SANDER CONSTRUCTION, | § | |
| INC., | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2017-DCV2643) |
| | § | |

## **O P I N I O N**

In this interlocutory appeal, Lower Valley Water District appeals the trial court's denial of its plea to the jurisdiction. In its sole issue on appeal, the District contends the trial court lacks subject matter jurisdiction over the Appellee's breach of contract claim to the extent the claim is based on an amendment to the contract that was never incorporated into the contract. We affirm.

## **BACKGROUND**

This case arises from a denial of a plea to the jurisdiction filed by a local government entity in a suit against it for breach of contract. Lower Valley Water District ("LVWD") provides water, wastewater, and solid waste services to residents in the southeastern portion of El Paso County,

Texas.[1]   In 2014, LVWD solicited bids from contractors for the construction of water lines and other improvements for a construction project located in the town of Clint, Texas and surrounding areas.

Danny Sander Construction, Inc. was the successful bidder on the project.   Danny Sander and LVWD entered into a written contract for the improvements in August 2015.   The contract generally required Danny Sander to complete all work as specified or indicated in the "Contract Documents" by furnishing all labor, materials, transportation, and services for the construction of water lines and other improvements and related activities.   Danny Sander was to be paid $1,948,745.00 for the project improvements.   The contract provided that it could be amended by a change order or a "Work Change Directive."   The contract also provided that LVWD could terminate the contract for convenience and that Danny Sander would be paid for work and expenses sustained prior to the termination.

Danny Sander commenced work on the project in January 2016.   A change order was proposed in May 2016 in which the water line under construction would be extended from Clint to Fenter Road at a cost of $110,170.00.   This first change order, Change Order 1, was presented to the LVWD Board, which approved the change order contingent upon release of funds from the Texas Water Development Board.   A second change order for $11,929.58 was presented to the LVWD Board, Change Order 2, which the Board also approved contingent upon release of funds.

Funds for Change Order 2 were approved by the Texas Water Development Board and Danny Sander completed the improvements contemplated by that order in September 2016. Funds for Change Order 1, however, were not approved.   On February 2, 2017, LVWD sent an

---

[1] *See* https://www.lvwd.org/about.html.

email to Danny Sander notifying it that, due to problems acquiring a right of entry to the site and problems encountered in a probate-court proceeding, they would be shutting down the project. On March 6, 2017, Danny Sander sent LVWD a summary of expenses incurred from September 2016 through February 2017, totaling $163,418.45. The expenses were based on labor, equipment, and overhead loss. LVWD refused Danny Sander's request that it pay the invoiced expenses.

Danny Sander filed suit in August 2017, asserting breach of contract for the unpaid expenses of $163,418.45. He also asserted a claim for withholding of retainage for the project in the amount of $17,808.70. LVWD filed a plea to the jurisdiction, asserting it had not waived governmental immunity for the $163,418.45 in expenses because they were completely based on Change Order 1, which was never incorporated into the contract. Danny Sander filed a response to the plea, asserting it was not seeking to recover any amounts for work performed in connection with Change Order 1 and acknowledging it had not performed any work related to Change Order 1; rather, it asserted it was seeking damages for LVWD's failure to pay $17,808.70 for work performed under the contract and Change Order 2, and $163,418.45 in reasonable expenses incurred during a delay caused by LVWD before the project was terminated. The trial court denied LVWD's plea to the jurisdiction. This appeal followed.

## DISCUSSION

In its sole issue, LVWD contends that it did not waive immunity regarding delays or expenses caused by denial of funding for Change Order 1 because the change order was never incorporated into the contract. It therefore contends the trial court lacks subject matter jurisdiction over Danny Sander's claim for $163,418.45. But LVWD does not challenge the trial

3

court's jurisdiction concerning the alleged breach of contract damages of $17,808.70.

## Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). While the claims may form the context in which the plea to the jurisdiction is raised, the plea should be decided without delving into the merits of the case. *Id*. Whether a party has alleged facts affirmatively demonstrating a trial court's subject matter jurisdiction is a question of law, and we therefore review the trial court's ruling on a plea to the jurisdiction *de novo*. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law that we review *de novo*. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Our analysis must begin with an evaluation of the plaintiff's pleadings. *Miranda*, 133 S.W.3d at 226. When examining the pleadings, we construe them liberally in favor of conferring jurisdiction. *Id*. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*., at 228. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be given the opportunity to amend. *Id*., at 226–27. But if

4

the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id*., at 227.

### *Applicable Law*

Sovereign immunity protects the State from lawsuits for money damages. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). It also deprives a trial court of subject-matter jurisdiction. *Miranda,* 133 S.W.3d at 224. Governmental entities are immune from suit unless immunity is waived. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Unless the legislature has expressly waived immunity, the government entity retains immunity even if its liability is undisputed. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).

In Texas, governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from liability bars enforcement of a judgment against a governmental entity, while immunity from suit bars suit against the entity altogether. *Id*. When a governmental entity enters into a contract, it necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of agreement, but it does not waive immunity from suit. *Id*.

Section 271.152 of the Texas Local Government Code waives qualifying local governmental entities' immunity from suit for certain breach of contract claims. *Williams*, 353 S.W.3d at 134. It provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX.LOC.GOV'T CODE ANN. § 271.152.

5

The Supreme Court has held that this statute, when applicable, waives a governmental entity's immunity from suit for breach of contract by clear and unambiguous language. *Williams*, 353 S.W.3d at 134. For immunity to be waived, three elements must be established: (1) the party against whom the waiver is asserted must be a "local governmental entity" as defined by Section 271.151(3); (2) the entity must be authorized by statute or the Constitution to enter into contracts; and (3) the entity must in fact have entered into a contract that is "subject to this subchapter" as defined by Sections 271.151 and 271.152 of the Local Government Code. *Id.*, at 134–35. The phrase "contract subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX.LOC.GOV'T CODE ANN. § 271.151(2)(A).

Section 271.153 allows a plaintiff who brings a breach of contract action against a local governmental entity to be awarded:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) reasonable and necessary attorney's fees that are equitable and just; and

(4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

TEX.LOC.GOV'T CODE ANN. § 271.153(a).

When the local governmental entity directs a contractor to perform additional work, the additional work does not need to be supported by a written amendment to the contract in order for immunity to be waived. *City of El Paso v. High Ridge Const., Inc.*, 442 S.W.3d 660, 672 (Tex.App.—El Paso 2014, pet. denied); *see also City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex.App.—Dallas 2008, pet. denied)(rejecting a governmental entity's argument that governmental immunity is waived only for claims of breach of the essential, written terms of an agreement, not for implied duties; once the trial court determines the contract falls within the provisions of Section 271.152, it need not parse further the pleadings or the contract to determine whether the legislature has waived immunity for breach of contract claims).

*Analysis*

It is undisputed that LVWD is a "local governmental entity" as that term is defined in Section 271.151(3), and that LVWD is authorized to enter into contracts; therefore, the only relevant question for determining whether the trial court has subject matter jurisdiction over the claim is whether LVWD entered into "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX.LOC.GOV'T CODE ANN. § 271.151(2)(A); *Williams*, 353 S.W.3d at 134–35.

We think that question is straightforward here. As LVWD itself acknowledges, it entered into a properly executed contract with Danny Sander and the trial court has jurisdiction over claims arising out of that contract. Danny Sander asserted in his pleadings that the $163,418.45 in damages arose out of the underlying contract. LVWD offered evidence that Change Order 1 was contingent on release of additional funds from the Texas Water Development Board, that the

funding request was ultimately denied, and that no work was done involving Change Order 1 between September 2016 and February 2, 2017 when it terminated the project. Thus, LVWD reasons that the jurisdictional evidence negates Danny Sander's jurisdictional allegation that the damages arose out of the underlying contract because Change Order 1 was never incorporated into the contract and was the sole cause of the alleged damages. But, as already noted, Danny Sander does not contend the damages arose out of Change Order 1; he asserted that they represent expenses incurred during a delay caused by LVWD. LVWD's argument that Danny Sander cannot maintain its breach of contract claim because Change Order 1 was never approved is in reality an argument that the claim will fail on the merits. Such a claim does not deprive the trial court of subject matter jurisdiction. *High Ridge Const., Inc.*, 442 S.W.3d at 672; *PKG Contracting, Inc.*, 263 S.W.3d at 447. Accordingly, Issue One is overruled.

## CONCLUSION

Having overruled the sole issue on appeal, the judgment of the trial court is affirmed.


July 10, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

8