**AFFIRMED and Opinion Filed July 19, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-01012-CV

**TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND, Appellant**
**V.**
**GREENVILLE INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 89967**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Partida-Kipness

Appellant Texas Association of School Boards Risk Management Fund (the Fund) appeals the denial of its partial plea to the jurisdiction. The trial court ruled that immunity did not bar Greenville Independent School District's (Greenville) defensive theories, and its denial of the fund's plea to the jurisdiction is the subject of this appeal. Because the trial court ruled correctly, we affirm the judgment.

## BACKGROUND

Greenville owns real property in Hunt County that was damaged in a 2019 hail storm. The properties were covered against wind, water, and hail damage under

an agreement with the Fund, which is a self-insurance fund for governmental entities like Greenville. Greenville filed a claim for coverage, which the Fund denied. The Fund asserted that Greenville had not fulfilled conditions precedent in the agreement, such as its requirement to provide notice of loss within thirty days.

Greenville sued the Fund for breach of contract and alleged the Fund's adjuster had done a one-sided investigation of the claim and wrongly denied coverage. According to the petition, Greenville had performed all conditions precedent under the agreement and given timely notice of its claim to the Fund. Greenville further asserted that the agreement's term requiring Greenville to provide notice of its claim was "unreasonable and void" and that the Fund should be barred from enforcing the agreement's conditions precedent due to waiver, estoppel, unconscionability, or an ambiguity that should be construed in Greenville's favor.

The Fund filed a partial plea to the jurisdiction in which it attacked Greenville's arguments concerning waiver, estoppel, and unconscionability. The Fund contended that these arguments were actually extracontractual claims for relief, for which there was no waiver of the Fund's immunity as a governmental entity.

Greenville responded that its supposed extracontractual claims were not independent claims at all but merely arguments in support of its contract claim. Greenville maintained that the Fund's plea should be denied because immunity for the contract claim was waived under chapter 271 of the Texas Local Government

Code (the Act). *See* TEX. LOC. GOV'T CODE § 271.152. As support, Greenville cited cases from this Court and others, though the Fund argued that these cases had been overruled.

After review, the trial court denied the Fund's plea to the jurisdiction. This appeal followed.

## STANDARD OF REVIEW

Governmental immunity protects the State's political subdivisions, including self-insurance pools like the Fund, against suits and legal liability. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (holding political subdivisions enjoy governmental immunity); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 326 (Tex. 2006) (concluding the self-insurance pool's "'nature, purposes and powers' demonstrate legislative intent that it exist as a distinct governmental entity entitled to assert immunity in its own right for the performance of a governmental function"). Governmental immunity thus bars suit against the Fund unless the Legislature has waived immunity. *See Chambers–Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019).

Governmental immunity from suit implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Dohlen*, 643 S.W.3d at 392. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d

198, 205 (Tex. 2020). If the plea challenges the pleadings, as here, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We liberally construe the pleadings, taking all factual assertions as true and looking to the plaintiff's intent. *Id.* If the allegations create a fact question regarding jurisdiction, then a court cannot grant a plea to the jurisdiction, and the factfinder must resolve the fact issue. *Id.* But if the plaintiff fails to raise a fact question on the jurisdictional issue, a court rules on the plea to the jurisdiction as a matter of law. *Id.*

## ANALYSIS

In its sole issue on appeal, the Fund challenges the denial of its partial plea to the jurisdiction. According to the Fund, Greenville raised three extracontractual claims—waiver, estoppel, and unconscionability—for which there was no waiver of immunity. The Fund seeks a judgment dismissing these claims for want of jurisdiction.

Greenville maintains that these three theories were not extracontractual claims in their own right. Rather, according to Greenville, its only true cause of action was for breach of contract. Greenville contends the Fund attacked that cause of action by alleging that Greenville failed to satisfy certain conditions precedent within the agreement, and Greenville responded with three arguments to defeat those conditions, not three new and independent causes of action. Thus, Greenville reasons these three theories are simply facets of the greater whole of its contract claim, for

–4–

which there is an unambiguous waiver of immunity. *See* TEX. LOC. GOV'T CODE § 271.152. As support, Greenville cites a line of cases that originated with this court's opinion in *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex. App.—Dallas 2008, pet. denied); *accord Santa Rosa Indep. Sch. Dist. v. Rigney Constr. & Dev., LLC*, No. 13-12-00627-CV, 2013 WL 2949566, at *4 (Tex. App.—Corpus Christi–Edinburg June 13, 2013, pet. denied) (mem. op.); *Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at *3 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op. on reh'g).

Like this case, *City of Mesquite* dealt with a provision in the Act that waives immunity for contract claims against local government entities:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE § 271.152. We held that this waiver of immunity "applies to any claims for breach of a contract falling within the terms of the statute." *City of Mesquite*, 263 S.W.3d at 447. "Once the trial court determines whether the contract falls within the provisions of section 271.152, it need not parse further the pleadings or the contract to determine whether the legislature has waived immunity for breach of contract claims." *Id.* Greenville cites this last quote with particular emphasis, reasoning that it should prevent us from parsing the individual arguments that fall under the broader heading of its contract claim.

The Fund acknowledges our holding in *City of Mesquite* but maintains this holding was disapproved of in *Zachry Construction Corp. v. Port of Houston Authority of Harris County*, 449 S.W.3d 98, 110 n.54 (Tex. 2014). Greenville counters that *Zachry* disapproved of only one aspect of *City of Mesquite* that does not apply here and left the relevant portions of the opinion intact. We agree with Greenville.

The issue in *Zachry* was a specific one: whether the Act waived immunity from suit on a claim for consequential damages that were not recoverable under section 271.153 of the Act. *Id.* at 110. After analyzing the statute's text, the court answered that question in the negative, stating, "We conclude that the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153." *Id.* The court then included a footnote declaring, "We disapprove the following cases *to the extent they are to the contrary*," and listed nine cases, including *City of Mesquite. Zachry*, 449 S.W.3d at 110 n.54 (emphasis added).

The *Zachry* court did not consider the wholesale correctness of *City of Mesquite*, the validity of our holdings concerning review of whether the Act's waiver of immunity applies, or any issue involved in this case. *City of Mesquite* was overruled only insofar as it ran counter to *Zachry*'s holding on damages. *See Romulus Grp., Inc. v. City of Dallas*, No. 05-16-00088-CV, 2017 WL 1684631, at *6 n.1 (Tex. App.—Dallas May 2, 2017, pet. denied) (mem. op.) (concluding that *Zachry* disapproved *City of Mesquite* only to the extent that it "conflicted with the

holding on damages" but that other aspects of the opinion remained intact); *see also City of Corpus Christi v. Graham Constr. Servs., Inc.*, No. 13-19-00367-CV, 2020 WL 3478661, at *4 n.2 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied) (mem. op.) (similar as to *Roma*).

It is for that reason that courts have continued to cite *City of Mesquite* and its progeny as good law and have applied them to situations that parallel the circumstances of this case. *See Graham Constr. Servs.*, 2020 WL 3478661, at *4 (citing *Roma*, 2012 WL 3025927, at *2); *Lower Valley Water Dist. v. Danny Sander Constr., Inc.*, 587 S.W.3d 823, 827 (Tex. App.—El Paso 2019, no pet.) (citing *City of Mesquite*, 263 S.W.3d at 447); *Clear Creek Indep. Sch. Dist. v. Cotton Commercial USA, Inc.*, 529 S.W.3d 569, 585 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (same). In *Graham Construction*, for instance, the plaintiff sued a city for breach of contract, and the city responded that the plaintiff had failed to give a required notice of claim that was a condition precedent to recovery under their agreement. 2020 WL 3478661, at *3. To circumvent the condition precedent, the plaintiff raised multiple defensive theories, including waiver, just as Greenville has done in this case. *Id.* The city responded that the plaintiff should not be permitted to raise these defensive theories, but the appellate court disagreed, citing a case that adopted our holding in *City of Mesquite*. *Id.* at *4 (citing *Roma*, 2012 WL 3025927, at *2). Thus, in the view of our sister courts, *City of Mesquite* applies in situations such as this one.

The *Graham Construction* court offered another rationale that is relevant here: the Act "specifically states that [it] does not waive defenses available to a party to a contract." *Id.* (citing TEX. LOC. GOV'T CODE § 271.155). "Thus, [the plaintiff] is allowed to raise defenses to the contract, including the contractual notice requirements." *Id.*

Taken together, the above principles resolve this case. Under section 271.152 of the Act, Greenville triggered a waiver of immunity when it pleaded a contract claim against a local government entity within the meaning of the Act. *See* TEX. LOC. GOV'T CODE § 271.152. Under *City of Mesquite*, Greenville's defensive theories benefit from the same waiver of immunity. *See* 263 S.W.3d at 447. Under section 271.155 of the Act, Greenville's ability to raise these theories is specifically preserved. *See* TEX. LOC. GOV'T CODE § 271.155.

Greenville has therefore affirmatively demonstrated the trial court's jurisdiction to hear its sole claim for breach of contract, including the subsidiary theories that support the contract claim. *See Rangel*, 595 S.W.3d at 205. We overrule the Fund's sole issue.

## CONCLUSION

The Fund contested the denial of its plea to the jurisdiction concerning Greenville's defensive theories.

Because the trial court did not err in denying the plea, we affirm the judgment.


        /Robbie Partida-Kipness/
        ROBBIE PARTIDA-KIPNESS
        JUSTICE


211012F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TEXAS ASSOCIATION OF
SCHOOL BOARDS RISK
MANAGEMENT FUND, Appellant

No. 05-21-01012-CV      V.

GREENVILLE INDEPENDENT
SCHOOL DISTRICT, Appellee

On Appeal from the 196th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 89967.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GREENVILLE INDEPENDENT SCHOOL DISTRICT recover its costs of this appeal from appellant TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND.

Judgment entered this 19th day of July 2022.